IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THE HUNTINGTON NATIONAL BANK,

        Plaintiff,

v.                                         CIVIL ACTION NO. 2:23-cv-00134

KEITH LYLE JOHNSON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

By Standing Order entered on February 17, 2023, (ECF No. 3), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Tinsley filed his PF&R on June 28, 2024, recommending that this Court dismiss this action, with prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e). (ECF No. 5.) Alternatively, Magistrate Judge Tinsley recommends that this Court dismiss this action, without prejudice, for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th

Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due by July 15, 2024. (ECF No. 5.) To date, Defendant Keith Lyle Johnson has failed to submit any objections in response to the PF&R, thus constituting a waiver of *de novo* review and his right to appeal this Court's order.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 5), and **DISMISSES** this action **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     August 12, 2024

THOMAS E. JOHNSTON, CHIEF JUDGE